THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Farm Bureau Mutual Insurance Company, Appellant,
 
 
 

v.

 
 
 
 Henry Kennedy, Respondent.
 
 
 

Appeal From Laurens County
 Wyatt T. Saunders, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-423
Heard September 14, 2006  Filed December 19, 2006

REVERSED

 
 
 
 Karl Stephen Brehmer, of Columbia, for Appellant.
 Eric H. Philpot, of Greenville, for Respondent.
 
 
 

HEARN, C.J.:    In this declaratory judgment action, South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) sought a determination as to whether Henry Kennedy is entitled to underinsured motorist (UIM) coverage under his employers insurance policy.  The trial court granted summary judgment to Kennedy, and Farm Bureau appeals.  Farm Bureau argues there is a genuine issue of material fact, or in the alternative, the trial court erred in its interpretation of the policy.  We reverse.   
FACTS
In October 2002, Kennedy was employed with Irons Poultry Farm.  At the direction of his employer, Kennedy drove a company manure truck to Wise Barbeque on October 23 to inform Jimmy Wise, the owner of Wise Barbeque, that he could pick up some contaminated chicken feed at his convenience.  Kennedy completed his errand and then went to speak with his half-brother, Teddy Robinson, who was employed with Wise Barbeque.  Kennedy and Robinson spoke for a few minutes and then walked to the parking lot.  Kennedy and Robinson stopped near the rear of the manure truck and briefly continued their conversation.        
Moments later, on an adjacent highway, an accident occurred between a pickup truck driven by George Counts and another pickup truck.  The impact from the collision caused Counts truck to careen into Wises parking lot.  Kennedy and Robinson were both struck by Counts truck.  
As a result of the accident, Kennedy sustained damages in excess of $64,000.  Kennedy settled with Counts liability carrier for $50,000 on a Covenant Not to Execute.  Kennedy then made a demand for the full amount of UIM coverage available on the manure trucks insurance policy.  The manure truck was owned by Irons Poultry Farm and insured by Farm Bureau with UIM coverage in the amount of $50,000 per individual and $100,000 per occurrence.  The Farm Bureau policy provides, in relevant part: 

 [Farm Bureau] will pay damages for bodily injury or property damage a covered person is legally entitled to collect from the owner or operator of an underinsured motor vehicle.  The bodily injury or property damage must be caused by an accident arising out of the operation or ownership of the underinsured motor vehicle.  

A covered person includes a person occupying [the insureds] covered auto.  Occupying is defined as having actual physical contact with an auto while in, upon, entering, or alighting from it.   
Farm Bureau denied coverage and filed a declaratory judgment action asking the court to determine whether UIM coverage was available to Kennedy under the terms of the insurance policy.  Kennedy subsequently filed a motion for summary judgment.            
At the hearing, the parties submitted affidavits, deposition testimony, and other evidence to support their respective positions.  Kennedy argued he was entitled to coverage because the evidence conclusively proves he was pinned between the manure truck and Counts truck, and therefore, established he was upon the truck.  Farm Bureau alleged a factual dispute exists as to whether Kennedy was actually pinned and, alternatively, that being pinned does not qualify as upon in South Carolina.    
The trial court found Farm Bureau presented no evidence to dispute the fact [Kennedy] was pinned against the manure truck and . . . did not meet the scintilla of the evidence burden to make this a genuine issue of material fact.  The trial court then held Kennedy was upon the manure truck based on the current law in South Carolina and, thus qualifies as an insured.  This appeal followed. 
LAW/ANALYSIS
Farm Bureau asserts the trial court erred in granting Kennedys motion for summary judgment because there is a genuine issue of fact as to whether Kennedy was knocked or pinned against the manure truck.  We agree.
When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court.  Redwend, Ltd. Pship v. Edwards, 354 S.C. 459, 467, 581 S.E.2d 496, 500-01 (Ct. App. 2003).  Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Jackson v. Swordfish Invs., L.L.C., 365 S.C. 608, 611, 620 S.E.2d 54, 55 (2005).  In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party.  Cunningham v. Helping Hands, Inc., 352 S.C. 485, 491, 575 S.E.2d 549, 552 (2003).      
The party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact.  Mulherin-Howell v. Cobb, 362 S.C. 588, 596, 608 S.E.2d 587, 592 (Ct. App. 2005).   Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponents case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings.  Wogan v. Kunze, 366 S.C. 583, 591, 623 S.E.2d 107, 112 (Ct. App. 2005).  Rather, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial.  Id.
At the summary judgment hearing, Kennedy presented affidavits and deposition testimony from numerous people indicating Kennedy was either pinned or knocked against the manure truck.  Ronald Long witnessed the accident, and his affidavit provides that Kennedy was pinned between the red truck and the rear drivers side of the dump truck.  James Wise also observed the accident; his affidavit states Counts truck knocked [Kennedy] into the back of the manure truck, pinning him between Mr. Counts truck and the manure truck, and then Counts truck bounced back and [Kennedy] fell to the ground several feet behind the manure truck.  Kennedy testified he got pinned between the two trucks, and Counts truck stopped far enough for me to free my leg. 
On the other hand, Farm Bureau presented sufficient evidence to raise a genuine issue of fact as to whether Kennedy was either pinned or knocked against the manure truck from the testimony of Robinson, Counts, and the investigating officer, Earl Gentry.  Robinson testified that immediately following the accident, he observed Kennedy on the ground next to where Robinson came to rest and was unable to say if Kennedy was pinned.  Additionally, Counts testified that immediately after his truck came to rest, Kennedy and Robinson were both laying right there on the ground.  Counts also stated he had no knowledge as to whether Kennedy was pinned to the manure truck.  Lastly, in direct opposition to Kennedys claim that he was pinned to the manure truck by the passenger side of Counts vehicle, Counts testified that he could not see how the passenger side could have [pinned Kennedy], because it was coming around the opposite way. . . . 
Moreover, Gentrys testimony also disputed the fact Kennedy was pinned to the truck.  Importantly, Gentry testified no one at the scene told him the manure truck had anything to do with the accident or that Kennedy hit the manure truck.  Gentry also testified that based on the fact he observed no physical damage to the manure truck he saw no evidence that the manure truck was involved in the accident.  Lastly, Kennedy was on the ground probably ten to fifteen feet from the manure truck when he arrived on the scene.[1]  As a result, Gentry did not include the manure truck in the accident report.  Thus, Gentrys testimony provided reasonable inferences that Kennedy was not pinned or knocked against the truck.  
CONCLUSION
Based on the foregoing, when viewing the evidence in the light most favorable to Farm Bureau, we find the evidence and all inferences which can be reasonably drawn therefrom create a genuine issue of fact as to whether Kennedy was pinned or knocked against the manure truck.  Therefore, the order of the trial court granting summary judgment is hereby
REVERSED.[2]
STILWELL and HUFF, JJ., concur.

[1]  The picture of the scene taken by the Newberry Observer supports Gentrys testimony.  The picture, which was admitted at the hearing, shows Kennedy injured on the ground some distance from both the manure truck and Counts vehicle. 
[2]  In light of our reversal of the trial courts grant of summary judgment, we need not address Farm Bureaus remaining arguments.  See Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (stating the appellate court need not address remaining issues when resolution of a prior issue is dispositive).